No. 342.—J. S. COPES *v.* PHELPS & CO.

Commission merchants in the city of New Orleans who receive cotton as agents and fail to obey or follow the instructions of the shipper incur a liability to the owner for its value.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Henry G. Hall,* attorney at law, Judge *ad hoc,* vice *Levisee,* J., recused. *Williamson* and *Levisee,* for plaintiff and appellee. *Nutt & Leonard,* for defendants and appellants.

TALIAFERRO, J. The defendants, who keep at Shreveport a warehouse for the reception of merchandise for storage and shipment, received in their business character as warehousemen ten bales of cotton, forwarded to them from Nacogdoches, Texas, by one Hosea, who, by letter, instructed them that he had ordered a lot of twenty-four bales to be sent to them for shipment to the plaintiff in New Orleans, and directed them if the entire lot of cotton should not be received together, to wait until the whole was received and ship it all together. This letter bears date March 18, 1866. Under date of April 14, same year, Phelps & Co. received a letter from Voight & Co., of Nacogdoches, informing them that Voight & Co. had forwarded to them for account of C. E. Hosea ten bales of cotton, part of a lot of twenty-four bales, the other fourteen to be forwarded as soon as practicable. Bills of lading for the ten bales were inclosed in the letter. The ten bales of cotton, marked with the plaintiff's initials, were received on the twenty-third of April. It is in evidence that the next day after the ten bales were received, Hosea in person called at the warehouse of Phelps & Co. and informed them he had changed his mind in regard to shipping the cotton, having concluded to sell it at

Shreveport; that accordingly Hosea gave to Rapley & Co. an order for the cotton, and it was delivered to them.

On the thirteenth of April Copes wrote to Phelps & Co. informing them that he had written to them on the twenty-fourth of March, acquainting them that they would receive twenty-four bales of cotton marked J. S. C., and forwarded for shipment to him, and that Hosea had written to them to forward the cotton without delay. In reply to this letter of Copes, Phelps & Co. wrote as follows:

"SHREVEPORT, April 24, 1866.

"Dr. J. S. Copes, New Orleans:

"*Dear Sir*—Your favor of the thirteenth, and Mr. C. E. Hosea's of the eighteenth, relative to twenty-four bales of cotton (J. S. C.) are before us. We yesterday received through Messrs. Voight & Co. ten bales of the cotton, accompanied by Mr. Hosea's letter to us of the eighteenth ultimo, and a note from Messrs. Voight & Co., stating the remaining fourteen bales would be forwarded as soon as possible. In accordance with Mr. Hosea's instructions we will hold the ten bales until the balance arrives.

"Truly yours,        PHELPS & CO."

There is in evidence a letter of the eighteenth of April from Hosea, dated at New Orleans, and addressed to Phelps & Co., in which he informs them that no information had been received of the arrival at Shreveport of the cotton purchased by him for Dr. Copes. He requested them, if the cotton had not come to hand, to write to Nacogdoches, making inquiries in relation to it, and as soon as it was received to ship it to Dr. Copes. The plaintiff in this action sues Phelps & Co. for the ten bales of cotton, alleging that he has never received the cotton or any part of it. The answer is a general denial, and the defense is that defendants dealt with Hosea and are not bound in any manner to the plaintiff.

Judgment was in favor of the plaintiff. Defendants have appealed.

The plaintiff himself testifies that he was informed in New Orleans by J. E. Phelps, one of the firm of Phelps & Co., that they had received on his account ten bales of cotton, but they had turned it over to one Hosea, who represented himself to be Copes's agent. This statement is contradicted by Phelps, one of the defendants, in his testimony.

Phelps & Co. received the ten bales of cotton with the knowledge that they were to be shipped to the plaintiff. Before Hosea gave the order for the delivery of the cotton to Rapley & Co., Phelps & Co. received the plaintiff's letter confirming the statement of Hosea, that the cotton was to go to the plaintiff, and they received also by that letter the plaintiff's instructions to ship the cotton to him by the first boat. The plaintiff spoke of the lot of twenty-four bales of his cotton to be sent to the defendants at Shreveport on his account, and directed

them to ship the cotton to him without delay. The defendants, by the tenor of their letter, in reply to these instructions, implicitly recognized the plaintiff's right to control the cotton. They inform him that ten bales of the lot had been received, and that the remaining fourteen would be forwarded to them as soon as possible. They expected to receive the remainder soon, and deemed it proper before shipping to await its arrival and ship the whole together, as instructed by Hosea. The instructions of Hosea were that the cotton was for the plaintiff. The defendants in no instance questioned the plaintiff's right to control the cotton, and under the status of the parties at the time Hosea gave the order to Rapley & Co. it was at least the part of prudent men, before delivering the cotton to the latter, to have required from Hosea an explanation of his order countermanding the shipment to the plaintiff. Phelps & Co. had become the agents of the plaintiff, and by failing to obey their instructions incurred responsibility to the plaintiff.

Judgment affirmed.

Rehearing refused.