## No. 9663

## Orleans

---

**WILLIAMS-RICHARDSON CO., LTD., v. N. O. & N. E. R. R. CO.**

---

(March 28, 1927.   Opinion and Decree.)
(April 25, 1927.   Rehearing Refused.)
(July 11, 1927.   Writ Supreme Court Granted.)
(January 20, 1928.   Opinion and Decree. of Supreme Court on Writ of Certiorari and Review;   Affirmed.   See 165 La. — 115 S. 358.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 108, 111, 118.**
It is the duty of the carrier to deliver the goods to the consignee; and if an error is made in his name to make reasonable inquiry from consignor in an effort to correct it.

Appeal from Civil District Court, Division "E".   Hon. W. H. Byrnes, Judge.

Action by Williams-Richardson Co., Ltd., against N. O. & N. E. R. R. Co.

There was judgment for plaintiff and defendant appealed

Judgment affirmed.

Miller, Miller & Fletchinger, of New Orleans, attorneys for plaintiff, appellee.

Monroe & Lemann, W. J. Suthon, Jr., of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   This is a suit for merchandise misdelivered by defendant.

The plaintiff alleged that on July 21st, 1920, it delivered to the defendant a case of cotton goods for shipment to W. H. Magee & Co. at Prentiss, Miss., of the value of $582.51; that said shipment was, through error, addresesd to Purvis, Miss., a nearby station on the line of defendant railroad; that plaintiff was informed by said railroad that the goods had been delivered to one J. T. Magee at Prentiss, who denied receipt of same.

Plaintiff claims the value of said goods.

The defense admitted the shipment of the goods, and their value and the delivery as alleged, and averred that the error was that of plaintiff and not of defendant, and contributed to the loss of the shipment and bars the plaintiff from the right of recovery.

There was judgment for plaintiff and defendant has appealed.

The defense is based upon the argument that there was no firm in Prentiss by the name of W. H. Magee, but there was one by the name of J. T. Magee, and because the latter had business relations with

the plaintiff the defendants were under the impression that the plaintiff had made an error in the initials of the name of the consignee and for that reason had delivered the goods to J. T. Magee.

We think the defense is without merit. The paramount duty of the carrier is to deliver the goods to the consignee; if an error in his name was made the defendant should have communicated with the consignor to ascertain the cause of the error. C. C. 2751 (2722); Copes vs. Phelps & Co., 24 La. Ann. 562.

The authorities quoted by the defendant have no analogy to the case at bar.